**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PACIFIC LIFE INSURANCE COMPANY,
a Nebraska Company,

                Plaintiff,

vs.                                          Case No.  3:14-cv-1330-J-32JRK

MOHSEN P. SARFARAZI, Individually,
FAITH A SARFARAZI, MD PA 412i
DEFINED BENEFIT PLAN, and FAITH  A.
SARFARAZI, M.D. P.A.,
                   Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

      This cause is before the Court on Plaintiff Pacific Life Insurance Company's Motion for

Default Judgment Against Defendant Faith A. Sarfarazi MD PA 412i Defined Benefit Plan

("Plan") (Doc. No. 17; "First Motion"), filed February 24, 2015, and Plaintiff Pacific Life

Insurance Company's Motion for Default Judgment Against Defendant Faith A. Sarfarazi,

M.D., P.A. ("Professional Association") (Doc. No. 18; "Second Motion"), also filed February

24, 2015 (collectively "Motions").  The Motions were referred to the undersigned upon filing.[2]

---

[1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document.  Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

[2]     Plaintiff certifies that copies of the Motions were mailed to the registered agent of the Professional Association, the U.S. Attorney for the Middle District of Florida, the Attorney General of the United States, and the Secretary of Labor.  Motions at 7.  Because Plaintiff was unable to locate the Plan and was not aware of an agent for the service of legal process on the Plan, it mailed the First Motion to the Plan through the Secretary of Labor pursuant to 29 U.S.C. § 1132(d)(1), which states, in relevant part, that "where a[n] employee benefit plan] has not designated . . . an individual as agent for the service of legal process, service upon the Secretary [of Labor] shall constitute such service."
     Furthermore, Plaintiff noted that the Plan had not filed any papers in this Court or appeared in this
(continued...)

In the Motions, Plaintiff seeks entry of final default judgments against the Plan and the Professional Association because these Defendants failed to timely respond to the Complaint for Interpleader and Injunctive Relief or otherwise appear in this action.  See generally Motions.  On March 30, 2015, the Motions were taken under advisement, and the Plan and the Professional Association were directed to file responses to the Motions by April 21, 2015, failing which the Motions would be deemed unopposed.  See Order (Doc. No. 19). Defendants failed to comply.  Accordingly, the Motions are deemed unopposed.

## I.  Background

Plaintiff initiated this action by filing a Complaint for Interpleader and Injunctive Relief on October 30, 2014.  See Compl. (Doc. No. 1).  In the Complaint, Plaintiff alleges that Faith A. Sarfarazi, the insured and decedent, applied to Plaintiff for life insurance and a deferred annuity.  Compl. at 3 ¶ 9.  Plaintiff issued a whole life policy and deferred annuity policy (collectively "Policies"), which have a combined value of $1,538,081.23.  Id.  The whole life insurance policy has a current death benefit of $1,537,372.97; the owner and primary beneficiary of this policy is the Plan, and the contingent beneficiary is Defendant Mohsen

---

[2](...continued)

matter, but "in an abundance of caution," Plaintiff served a copy of First Motion to the Attorney General and the U.S. Attorney for the Middle District of Florida.  First Motion at 4 ¶ 16.  Plaintiff explains that it served a copy of the First Motion to the Attorney General and the U.S. Attorney for the Middle District of Florida pursuant to Rule 4(i)(2), Federal Rules of Civil Procedure ("Rule(s)"), which states, in relevant part, that "[t]o serve a United States agency or corporation . . . a party must serve the United States."  Fed. R. Civ. P. 4(i)(2).  It appears that Plaintiff is relying on § 1132(d)(1) here as well.   § 1132(d)(1) also states that "[a]n employee benefit plan may sue or be sued under this subchapter as an entity."  The undersigned assumes Plaintiff is treating the Plan as a United States entity since employee benefit plans are governed by the Internal Revenue Code and the Employment Retirement Security Act ("ERISA").

Given that only Defendant Mohsen Sarfarazi has made a claim for the disputed proceeds, Plaintiff has served the registered agent of the Professional Association, and Plaintiff has attempted to serve the Plan via three federal agencies, it appears that the Plan (if it exists) and the Professional Association are on notice of the matter.

Sarfarazi ("Mohsen Sarfarazi"). Id. at 3-4 ¶ 9(a).  The deferred annuity policy has a current value of $708.26.  The owner and primary beneficiary of this Policy is also the Plan, and the contingent beneficiary of the Policy is also Mohsen Sarfarazi.  Id. at 4 ¶ 9(b).

Plaintiff alleges that the Policies were in force until the insured died on February 28, 2014, upon which $1,538,081.23 became payable under the Policies to the rightful beneficiary.  Id. at 3 ¶ 11, 4 ¶ 12.  On March 11, 2014, Plaintiff received a Claim Notification advising it of the death of the insured and requesting payment of the Policy proceeds to Mohsen Sarfarazi.  Id. at 5 ¶ 13.  Plaintiff states that it is uncertain and cannot determine whether the Plan or Mohsen Sarfarazi is due the benefits under the Policies; it cannot, therefore, distribute the proceeds without incurring the risk of multiple liabilities. Id. at 5 ¶¶ 15,16, 6 ¶ 17.

For relief, Plaintiff requests that process or summons be issued for Defendants requiring them to appear and answer the Complaint; that the Court order Defendants to interplead and litigate among themselves their rights or claims to the proceeds of the Policies; that Defendants be enjoined and restrained from instituting any proceeding against Plaintiff relating to the Policies; that Plaintiff be discharged from all further liability to Defendants with respect to the policies; that an award be made to Plaintiff out of the Proceeds to pay for the costs, attorneys' fees, and other expenses it is compelled to expend in this matter; and for such other and further relief as the Court deems just and equitable.[3]  Compl. at 7.

---

[3]      In the Second Motion, Plaintiff explains that the Professional Association was named as a defendant in an abundance of caution because it was the employer of Faith A. Sarfarazi, the deceased, and believed to be the sponsor of the Plan.  Second Motion at 3 ¶ 10.

On October 30, 2014, a summons was issued as to Defendants.  <u>See</u> Clerk's entry (Doc No. 2).  On November 6, 2014, Mohsen Sarfarazi waived service of process, <u>see</u> Doc. No. 4, and on November 11, 2014, the Professional Association, through its registered agent Ariana J. Sarfarazi, also waived service of process, <u>see</u> Doc. No. 5.  On December 31, 2014, Mohsen Sarfarazi filed an Answer and Crossclaim (to the Complaint and against the Professional Association and the Plan, respectively) in which he alleged that the Plan does not exist and the Professional Association is not listed as either a primary or contingent beneficiary of either Policy.  <u>See</u> Defendant, Mohsen P. Sarfarazi's Answer and Crossclaim (Doc. No. 8) at 3 ¶¶ 1-7.  Mohsen Sarfarazi contended that as the contingent beneficiary under the Policies, he is entitled to the proceeds of the Policies, <u>see</u> <u>id.</u> at 3 ¶ 7, and he requested that the Court enter an Order finding that he is entitled to the entirety of the proceeds, <u>see</u> <u>id.</u> at 4.

Both the Plan and the Professional Association, however, failed to plead or otherwise appear in this action, so Plaintiff sought entry of a clerk's default against these Defendants. <u>See</u> Pacific Life Insurance Company's Motion for Clerk to Enter Default of Defendant Faith A. Sarfarazi, M.D., P.A. (Doc. No. 9); Pacific Life Insurance Company's Motion for Clerk to Enter Default of Defendant Faith A. Sarfarazi, MD, PA 412i Defined Benefit Plan (Doc. No. 10).  On February 24, 2015, the Clerk entered defaults against these Defendants. <u>See</u> Entry of Default as to the Professional Association (Doc. No. 15), Entry of Default as to the Plan (Doc. No. 16). Thereafter, the instant Motions were filed and are now before the Court.

## II.  Legal Standard

Rule 55 provides the requirements for entry of a default judgment.  See Fed. R. Civ. P. 55(b)(2).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case has never been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986).  All well-pled allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  See Nishimatsu Const. Co. v. Hous. Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[4] see also GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).  In the context of an interpleader action in which all but one named defendant has defaulted, a default judgment renders the remaining defendant entitled to the res.  N.Y. Life Ins. Co. v. Snyder, No. 5:11-cv-618-Oc-34TBS, 2012 WL 4760930, at *1 (M.D. Fla. Jul. 2, 2012) (unpublished) (internal quotation omitted).

## III.  Discussion

### A.  Jurisdiction

The Court may exercise subject matter jurisdiction over this interpleader action.  An interpleader action is typically initiated pursuant to Rule 22 (commonly referred to as "Rule interpleader"), or pursuant to 28 U.S.C. § 1335 (commonly referred to as "statutory interpleader").  Rule interpleader requires that the Court be able to exercise either diversity

---

[4]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

jurisdiction (including complete diversity of citizenship) or federal question jurisdiction.  See Conn. Gen. Life Ins. Co. v. Riner, 351 F. Supp. 2d 492, 496 (W.D. Va. 2005) (stating "[R]ule 22 is merely a procedural device" and "the rule allows federal courts to hear interpleader actions when the underlying action could have been heard in federal court through diversity or federal question jurisdiction") (quotations and citations omitted).  Statutory interpleader, by contrast, "requires minimal diversity between the claimants, that is, at least one claimant must be of diverse citizenship from another claimant."  Ohio Nat. Life Assurance Corp. v. Langkau, 353 F. App'x 244, 249 (11th Cir. 2009) (citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967)); see 28 U.S.C. § 1335(a)(1).  In addition, statutory interpleader requires "money or property of the value of $500 or more[.]" 28 U.S.C. § 1335(a).

> Plaintiff contends in the Complaint that the basis of this Court's jurisdiction is as follows:
>
> This is an action arising under the provisions of the Federal Interpleader Act, Title 28, United States Code, §§ 1335, 1397 and 2361, to compel the defendants to interplead and adjudicate their claims in this matter in compliance with the Federal Interpleader Act as more fully set forth below.
>
> Jurisdiction is conferred on this Court by Title 28, United States Code, § 1335 because one or more of the adverse claimants are of diverse citizenship, and the amount in controversy exceeds $500.00, all as more fully set forth below.

Compl. at 3 ¶¶ 6-7.

Regarding diversity to support statutory interpleader, the Complaint alleges that Plaintiff is a corporation organized under the laws of the state of Nebraska, with its principle place of business in California.  Id. at 1 ¶ 1.  Upon information and belief, Plaintiff alleges that: Mohsen Sarfarazi is a citizen of Florida and a resident of Flagler County, Florida; the Plan is a 412(i) defined benefit plan as defined by the Internal Revenue Code and/or ERISA; and the Professional Association, before being administratively dissolved by the Florida Department

of State, Division of Corporations, had sponsored the Plan and had a principal place of business in Marion County, Florida.  Id. at 2 ¶¶ 2-4.  Defendants are thus minimally diverse as required.  In addition, the amount of money at issue, $1,538,081.23, see id. at 3 ¶ 9, is in excess of the statutory interpleader amount of $500.00 that is required, see 28 U.S.C. § 1335(a).[5]  In light of the foregoing observations, the Court finds that it has subject matter jurisdiction.

### B. Interpleader

Because this is an interpleader action, Plaintiff asks the Court to enter default judgment against the Plan and the Professional Association precluding these Defendants from filing any claims against Plaintiff for the disputed proceeds.  First Motion at 5, Second Motion at 5.  "Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner."  In re Mandalay Shore Co-op. Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994).  "Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund."  Langkau, 353 F. App'x at 248 (citing Fed. R. Civ. P. 22(a)(1)).  The party seeking interpleader has the burden of showing it "'has been or may be subjected to adverse claims.'"  Id. (quoting Dunbar v. U.S., 502 F.2d 506, 511 (5th Cir. 1974)).  "When the court decides interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested."  Id. (citing U.S. v. High Tech Prods., Inc., 497 F.3d 637, 641-42 (6th Cir. 2007)).

---

[5] The statute permitting statutory interpleader requires a plaintiff to deposit the amount of money in controversy into the registry of the court.  28 U.S.C. § 1335(a)(2).  Plaintiff has requested to deposit the proceeds of the Policies plus accrued interest, less any administrative costs, and by this report and recommendation, the undersigned recommends that Plaintiff be ordered to do so.

Here, Plaintiff contends that it is "uncertain and cannot determine whether the [Plan] is due the benefits under the Policies in conflict with and in derogation of the claims of Mohsen [] Sarfarazi, the contingent beneficiary . . . without incurring an obvious risk of multiple and duplicative liabilities under the Policies." Compl. at 5-6 ¶¶ 15-16, 17. Upon review of the Complaint, the Court finds that this interpleader action was properly brought, and Plaintiff is entitled to "avoid the vexation and expense of resisting competing claims." Deveer, 2012 WL 4009218, at *2. While the primary beneficiary under the Policies was the Plan, "the Claim Notification and subsequent demands requested that payment of the Policy proceeds be made to Mohsen [] Sarfarazi." Compl. at 5 ¶ 13. "Unless and until the competing claims of the primary beneficiary and contingent beneficiary are resolved," id. at 6 ¶ 17, Plaintiff is "unable to make that determination [as to whom the proceeds of the Policies are due] . . . without hazard to itself,"[6] id. at 5 ¶ 16.

### C.  Attorneys' Fees and Costs

Plaintiff requests that "an award be made to [it] out of the Disputed Proceeds to be deposited in this Court to pay for costs, attorneys' fees, and other expenses [it] is compelled to expend in investigating this matter and prosecuting this action." First Motion at 6 ¶ c, Second Motion at 6 ¶ d. Although neither rule nor statute provides for attorneys' fees and costs in the context of an interpleader action, the traditional federal practice has been to "giv[e]

---

[6]        Even though Plaintiff has no specific reason to believe the Professional Association has a meritorious claim to the benefits under the Policies, a stakeholder such as Plaintiff may in good faith maintain a suit in interpleader for the "purpose of ridding himself of the vexation and expense of resisting [potential] adverse claims." See Reliaster Life Ins. Co. v. Knighten, No. 504CV221OC10GRJ, 2005 WL 1309411, at *3 n. 6 (M.D. Fla. June 1, 2005) (unpublished) (quoting Hunter v. Fed. Life. Ins. Co., 111 F.2d 551, 556 (8th Cir. 1940)). Because the Professional Association had allegedly sponsored the Plan and was the employer of the insured and decedent, see Compl. at 2 ¶ 4, it is understandable that Plaintiff could foresee the Professional Association making a potential adverse claim for the benefits under the Policies.

the trial court discretion to allow a disinterested stakeholder to recover costs and attorneys' fees from the stake itself."   John Alden Life Ins. Co. v. Vanlandingham, No. 5:04CV538OC10GRJ, 2006 WL 1529047, at *4 (M.D. Fla. May 30, 2006) (unpublished). However, a court's authority to make an award is discretionary; a stakeholder has no right to costs and attorney's fees. Life Inv'rs Ins. Co. of Am. v. Childs, 209 F. Supp. 2d 1255, 1256 (M.D. Ala. 2002) (internal quotation omitted).   Here, without some documentation of the fees and costs Plaintiff has incurred in this action, as well as legal authority in support of the request, the undersigned recommends denying without prejudice Plaintiff's request for attorneys' fees and costs. Plaintiff, however, should be afforded an opportunity to address this issue by filing a supplement within fourteen (14) days of the entry of an Order on these Motions.

## IV.  Conclusion

Once the issue of fees and costs is resolved, the undersigned would intend to proceed by dismissing Plaintiff.  Mohsen Sarfarazi would then be entitled to the remaining proceeds and the case could be closed.

After due consideration, it is

**RECOMMENDED THAT:**

1.     Plaintiff Pacific Life Insurance Company's Motion for Default Judgment Against Defendant Faith A. Sarfarazi MD PA 412i Defined Benefit Plan (Doc. No. 17) and Pacific Life Insurance Company's Motion for Default Judgment Against Defendant Faith A. Sarfarazi, M.D., P.A. (Doc. No. 18) be **GRANTED in part and DENIED without prejudice in part**.

2.     The Motions be **GRANTED to the following extent:**

A.    The Clerk should enter a default judgment against Defendants the Plan and the Professional Association, which shall serve to terminate these Defendants' respective interests, if any, in the benefits under the Policies, if any, plus applicable interest.

B.    Plaintiff should be required to deposit the benefits under the Policies, plus any applicable interest, into the registry of the Court, within fourteen (14) days of the entry of an Order on these Motions.

C.    Defendants should be restrained and enjoined from instituting any action against Plaintiff for recovery of the benefits under the Policies.

3.    The Motions be **DENIED without prejudice** as to Plaintiff's request that an award be made to it out of the benefits under the Policies to pay for costs, attorneys' fees, and other expenses Plaintiff has incurred in this matter.  Plaintiff should be ordered to file, **within fourteen (14) days** of the entry of an Order on these Motions, a separate motion addressing the attorneys' fees and costs it has incurred in this matter including supporting documentation and citation to legal authority permitting the recovery of such costs.  Mohsen Sarfarazi should be permitted **fourteen (14) days** from the date Plaintiff files its Motion to file a response in opposition.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 25, 2015.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

-10-

efh
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

Faith A. Sarfarazi, M.D., P.A.
c/o Ariana J. Sarfarazi, Registered Agent
14 Clee Court
Palm Coast, FL 32317

Faith A. Sarfarazi MD PA 412i Defined Benefit Plan
c/o Secretary of Labor Thomas E. Perez
200 Constitution Avenue, NW
Washington, D.C. 20210

Faith A. Sarfarazi MD PA 412i Defined Benefit Plan
c/o U.S. Attorneys Office, Middle District of Florida
300 N. Hogan Street
Suite 700
Jacksonville, FL 32202

Faith A. Sarfarazi MD PA 412i Defined Benefit Plan
c/o Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001
-