UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PACIFIC LIFE INSURANCE
COMPANY, a Nebraska Corporation,

    Plaintiff,

v.                                                  Case No. 3:14-cv-1330-J-32JRK

MOHSEN P. SARFARAZI,
individually, FAITH A. SARFARAZI,
MD PA 412i Defined Benefit Plan, and
FAITH A. SARFARAZI, M.D. P.A.,

    Defendants.

## O R D E R

The status of this interpleader action is a little complicated. The case is currently before the Court on Plaintiff Pacific Life Insurance Company's motions for default judgment against Defendant Faith A. Sarfarazi, MD PA 412i Defined Benefit Plan ("the Plan") and Faith A. Sarfarazi, M.D. P.A. ("the Professional Association") (Docs. 17, 18), and on Pacific Life's Motion for Court to Take Judicial Notice of IRS Lien, for Leave to Deposit Funds into the Court Registry, and for Dismissal with Prejudice ("motion to deposit funds") (Doc. 28). The motions for default judgment were referred to the assigned United States Magistrate Judge. On June 25, 2015, the assigned United States Magistrate Judge issued a Report and Recommendation that both motions be granted to the extent that default judgment should be enter against the Plan and the Professional Association, but denied without prejudice to Pacific Life later moving for attorneys' fees and costs. (Doc. 21.)

On July 2, 2015, about a week after the Report and Recommendation issued, Defendant Mohsen P. Sarfarazi ("Dr. Sarfarazi") moved for an extension of time to file any objections because his counsel planned on moving to withdraw. (Doc. 22.) On July 6, 2015, counsel did move to withdraw. (Doc. 23.) On July 8, 2015, the Magistrate Judge granted the motion for extension of time and gave the parties until August 7, 2015 to file any objection. (Doc. 24). That same day, the Magistrate Judge granted the motion to withdraw, directed counsel to serve a copy of the order on Dr. Sarfarazi, advised Dr. Sarfarazi that he would be proceeding pro se unless and until new counsel appeared, and gave him until July 27, 2015 to file a notice advising how he intended to proceed. (Doc. 25.) On July 24, 2015, Dr. Sarfarazi confirmed he would be proceeding pro se. (Doc. 27).

On August 3, 2015, before the deadline to file objections had expired, Pacific Life filed its motion to deposit funds. In the motion, Pacific Life proposes to deposit in the registry of the Court an amount of funds that it believes Dr. Sarfarazi agreed would settle Pacific Life's obligations, and to then be discharged of any liability and dismissed from the case. (Doc. 28.) On August 6, 2015, Dr. Sarfarazi filed a response to the motion to deposit funds, objecting to it on a number of grounds. (Doc. 29.)

The undersigned will begin with the motions for default judgment and the Report and Recommendation. No party has filed an objection to the Report and Recommendation, and the time in which to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); M.D. Fla. R. 6.02(a). Upon de novo review of the file, the undersigned will largely adopt the Report and Recommendation of the Magistrate

Judge (Doc. 21) as the opinion of the Court,[1] and, for the reasons stated in the Report and Recommendation, will grant the motions for default in part and deny them without prejudice in part. The Court intends to enter default judgment against the Plan and the Professional Association, terminating their interests and restraining and enjoining them from instituting any action against Pacific Life for recovery of benefits under the insurance policies at issue in this case.

The Report and Recommendation also recommends that Pacific Life be required to deposit the proceeds of the policies, plus interest, into the registry of the Court. (Doc. 21 at 10.) That general recommendation is not in dispute either. The undersigned adopts this recommendation, as well, and intends to direct Pacific Life to deposit funds in the registry of the Court.

Based on the papers before it, however, the undersigned cannot determine the amount to be deposited. Moreover, Pacific Life should respond to the issues raised in Dr. Sarfarazi's response. Accordingly, it is hereby

**ORDERED:**

1.     The Report and Recommendation of the Magistrate Judge (Doc. 21) is **ADOPTED** as the opinion of the Court to the extent stated above.

2.     Pacific Life Insurance Company's Motion for Default Judgment Against Defendant Faith A. Sarfarazi MD PA 412i Defined Benefit Plan (Doc. 17) and Pacific Life Insurance Company's Motion for Default Judgment Against Defendant Faith A.

---

[1] Though the Report and Recommendation suggests there is subject-matter jurisdiction under 28 U.S.C. § 1335, upon review, the undersigned instead finds jurisdiction under the general diversity-of-citizenship provisions of 28 U.S.C. § 1332.

Sarfarazi, M.D., P.A. (Doc. 18) are **GRANTED in part** and **DENIED without prejudice in part.**

      3.     The Court intends to enter default judgment against the Plan and the Professional Association terminating their interests, if any, in the proceeds of the policies at issue and restraining and enjoining them from instituting any action against Pacific Life for recovery of the proceeds.

      4.     On or before **August 28, 2015**, Pacific Life should file a reply in support of its motion to deposit funds, serving a copy on Dr. Sarfarazi.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of August, 2015.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Honorable James R. Klindt
United States Magistrate Judge

Counsel of record

Via U.S. Mail and e-mail to:
Mohsen P. Sarfarazi
14 Clee Court
Palm Coast, FL 32137
sarfarazifamily@aol.com

4